UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRADLEY T. PETERSON,

    Plaintiff,                                                 Civil Action No. 16-CV-10420

vs.                                                     HON. BERNARD A. FRIEDMAN

JOSEPH A. COSTELLO, JR. and
MICHAEL W. LABEAU,

    Defendants.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND DISMISSING THE COMPLAINT**

This matter is presently before the Court on plaintiff's application to proceed *in forma pauperis*. For the following reasons, the Court shall (1) grant the application and therefore allow the complaint to be filed without prepayment of the filing fee, and (2) dismiss the complaint because defendant Costello is immune from an action for damages and no claim is stated against defendant Labeau.

Pursuant to 28 U.S.C. § 1915(a)(1), the Court may permit a person to commence a lawsuit without prepaying the filing fee, provided the person submits an affidavit demonstrating that he/she "is unable to pay such fees or give security therefor." In the present case, plaintiff's application to proceed *in forma pauperis* makes the required showing of indigence. The Court shall therefore grant the application and permit the complaint to be filed without requiring plaintiff to prepay the filing fee.

Pro se complaints are held to "less stringent standards" than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Nonetheless, the Court is required by statute to dismiss

an in forma pauperis complaint if it

> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B). A complaint is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). In other words, a complaint is frivolous if "based on an indisputably meritless legal theory" or "clearly baseless" facts or "a legal interest which clearly does not exist" or "fantastic or delusional scenarios." *Id.* at 327-28. To avoid dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Center for Bio-Ethical Reform, Inc. v. Napolitano*, 648 F.3d 365, 369 (6th Cir. 2011) (citations and internal quotations omitted). Depending on the allegations, certain classes of defendants may be immune from suit, including judges, prosecutors, legislators, and witnesses. Further, the Court is required to dismiss the complaint, whether or not plaintiff is proceeding *in forma pauperis*, if the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

In the present case, the "statement of claim" section of the complaint states in its entirety as follows:

> Upon February 5, 2010, Joseph A. Costello, Jr, as a legal judge in authority appointed a attorney Mr. Steve Hayder, to represent in law plaintiff, Atty Hayder, filed motions upon plaintiffs behalf / Judge Costello, Jr, later dismissed out of prejudice Atty Hayder, from plaintiffs case. Plaintiff upon March 4, 2010, filed motions under MCR. 2.003 to disqualify or to request Judge Costello, to dismiss himself due to prejudice issues, Costello, Jr, refused to dismiss himself & threaten plaintiff contempt of courts, gag-orders, & gave orders to shackle & chain plaintiff with orders for a mental evaluations:

Compl. ¶ II. For relief, plaintiff seeks to "hold Monroe County authoritys accountable for there civil rights abuses & violations" and $100 million in damages.

The Court must dismiss the complaint under 28 U.S.C. § 1915(e)(2)(B)(iii) because the complaint seeks damages from defendant Costello, a sitting judge, for actions he took in that capacity. Judges are "immun[e] from liability for damages for acts committed within their judicial jurisdiction," and "[t]his immunity applies even when the judge is accused of acting maliciously and corruptly." *Pierson v. Ray*, 386 U.S. 547, 553-54 (1967). As long as the judge is acting within the scope of his judicial capacity, the immunity is lost only if he acts "in the complete absence of all jurisdiction." *Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). In the present case, defendant Costello is plainly immune because plaintiff is suing him for actions he took that lay squarely within his jurisdiction as a sitting judge.

As for defendant Michael Labeau, no claim is stated. While plaintiff has listed Labeau as a defendant, no allegations against him are made in the body of the complaint. Therefore, dismissal of the complaint as to Labeau is required by 28 U.S.C. § 1915(e)(2)(B)(ii). Accordingly,

IT IS ORDERED that plaintiff's application for leave to proceed *in forma pauperis* is granted. The complaint is filed and the filing fee need not be prepaid.

IT IS FURTHER ORDERED that the complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B).

Dated: February 9, 2016  
      Detroit, Michigan

s/ Bernard A. Friedman  
BERNARD A. FRIEDMAN  
SENIOR UNITED STATES DISTRICT JUDGE

3